STATE OF IOWA V. MASON INGRAHAM, Appellant.

**Former Acquittal** is no defense to acts transpiring after the return of the indictment under which the acquittal was had.

**Bill of Exceptions** stated that it contained all matters not otherwise made of record. It incorporated the transcript of the official shorthand report by reference, and said transcript stated that a jury had been waived. The record made by the clerk shows that the jury had been discharged and a motion for new trial assailed the charge to the jury and its verdict. *Held*, the record controls the bill of exceptions.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, DECEMBER 11, 1895.

Defendant was indicted, tried, and convicted of the crime of keeping a liquor nuisance, and appeals. —*Affirmed.*

*Leggett & McKemey* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

Deemer, J.—The defendant contends that the lower court had no jurisdiction to try him, for the reason that a jury was waived, and he was convicted by the court without the intervention of a jury. The only thing in the record showing waiver of a jury is found in the bill of exceptions, which, among other things, recites "that all of the evidence offered and all of the evidence received on the trial of the above cause, and all of the objections made to such evidence, the rulings of the court on such objections, the exceptions taken to such rulings, and all the proceedings on such trial, which were not otherwise made of record in said cause, were at the time taken in shorthand, or marked as exhibits and parts of the evidence, by Miss O. Beman, the official shorthand reporter of the court. * * * And the proceedings not otherwise made of record were and are as follows, to-wit: (The clerk will here copy the transcripts of the report of this trial filed by the official shorthand reporter)." The shorthand reporter's transcript contains this statement: "Taken on this, the afternoon session of March 19th, 1894, before Hon. D. Ryan, Judge, jury being waived." There is a dispute about what the record shows regarding the claimed waiver, and we have gone to the transcript, and there find the following statements, material to our present inquiry: "Now on this day, to-wit, March 19, 1894, this cause coming on to be heard, Hedges and Rumple withdraw their appearance for defendant herein and W. R. Lewis appears for said defendant, and further pleads former acquittal and afterward, to-wit, on the same day, the trial of this cause is begun, the jury instructed,

and a verdict of 'Guilty as charged in the indictment'
returned, and jury discharged." "And now, on this
day, to-wit, April 6, 1894, it is ordered and adjudged
by the court that the defendant herein, Mason Ingra-
ham, pay a fine of $300.00 and the costs of this proced-
ure, taxed at $58.50," etc.    "* * *    And afterward,
to-wit, on the same day, the court overrules a motion
for a new trial made by defendant, to which defendant
at the time excepts, and is given 60 days from this date
in which to prepare and file bill of exceptions." The
motion for new trial is because "(1) the instructions of
the court to the jury are contrary to law; (2) the
verdict of the jury is contrary to the instructions of the
court; (3) the verdict of the jury is contrary to law; (4)
the verdict of the jury is contrary to the evidence; (5)
the verdict of the jury is not supported by sufficient
evidence."

It will be noticed that the bill of exceptions does
not on its face purport to control those matters which
were otherwise made of record in the cause. More-
over, we have held that the record entry of the clerk is
a higher species of evidence than the bill of exceptions,
and that the record entry must control. *Cook v. U. S.*,
1 G. Greene, 56. So that if there is a conflict the record
entry must govern. It does not appear that a jury
was waived, as is claimed by counsel. On the con-
trary, it is quite clearly shown, when the entire record
is considered, that the case was tried to a jury. We
have no occasion, then, to consider whether the defend-
ant can waive a jury in a case where he is charged
with an indictable misdemeanor.

II.    The defendant insists that there is not suffi-
cient evidence to justify a conviction. We have gone
over the testimony with care, and think there is
enough to sustain the finding that defendant is guilty.
It is not our practice to set out the testimony on which
we base our conclusions.

III. The defense of former acquittal is relied upon. It appears that on September 8, 1893, defendant was indicted for the same offense as is here charged, and, after trial thereunder, was acquitted. There is sufficient testimony in the record, however, to justify his conviction for keeping a nuisance, after that date, and his plea of former acquittal is no defense to acts transpiring after the return of the former indictment. We discover no errors in the record and the judgment is *affirmed*.